[667 NYS2d 963]

In the Matter of NICHOLAS J. PASTUSHAN, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 4, 1998

**APPEARANCES OF COUNSEL**

*William R. Morgan,* Syracuse, for respondent.
*Anthony J. Gigliotti,* Syracuse, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 4, 1961, and maintains an office for the practice

of law in Camillus. The Grievance Committee filed a petition charging respondent with professional misconduct arising from his administration of an estate. The petition alleged that the failure of respondent to render a final accounting of his administration of an estate in response to court orders and a motion to compel by the Attorney-General resulted in his removal as executor of the estate and, ultimately, in a finding of contempt for willful failure to render an accounting. Additionally, the petition alleged that respondent converted estate funds; that he failed to obtain court approval for advance payment of fees and commissions; that, after his removal as executor and the appointment of the Public Administrator as fiduciary for the estate, respondent negotiated checks drawn on the estate account; and that he made a series of threatening and harassing phone calls to the Public Administrator. Finally, the petition charged respondent with failing to comply with attorney registration requirements and to cooperate with the Grievance Committee's investigation.

Respondent filed an answer admitting certain allegations but denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report that the Grievance Committee and respondent move to confirm.

The Referee found that respondent converted estate funds; paid himself fees from estate funds greatly in excess of those to which he was entitled; threatened the Public Administrator with bodily harm; failed, since 1992, to register as an attorney or submit required registration fees; and failed to cooperate with the Grievance Committee's investigation. The Referee declined to make a finding on the issue of restitution, noting that the Onondaga County Surrogate ordered respondent to reimburse the estate for any sums taken by respondent in excess of his fee and that the Public Administrator entered a default judgment against respondent in the amount of $150,105.35, representing funds taken from the estate.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly the funds in his possession that a client is entitled to receive; and

DR 9-102 (D) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts.

We have considered the mitigating factors noted by the Referee, including respondent's abuse of alcohol during the period when the misconduct occurred. Respondent, however, is guilty of serious misconduct. Accordingly, we conclude that he should be disbarred. We direct respondent to reimburse the Lawyers' Fund for Client Protection for any award made in this matter.

GREEN, J. P., PINE, WISNER, CALLAHAN and BOEHM, JJ., concur.

Order of disbarment entered.